Picone/WDF, JV v City of New York (2021 NY Slip Op 02083)





Picone/WDF, JV v City of New York


2021 NY Slip Op 02083


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 653642/18 Appeal No. 13503N Case No. 2020-02463 

[*1]Picone/WDF, JV, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Mark A. Rosen of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 14, 2020, which granted defendant's motion to renew its motion to dismiss the complaint, and upon renewal, granted the motion to dismiss, unanimously affirmed, without costs.
Defendant's motion to renew contained a reasonable justification for the failure to present the newly discovered documents on the prior motion (CPLR 2221[e][3]), namely, that, because of a miscommunication among three different offices, the search of the 860,000 digital documents pertaining to the project did not include all the documents underlying the issuance of the Certificate of Substantial Completion (CSC).
Upon renewal, the court correctly granted defendant's motion to dismiss the complaint based on the newly discovered documents, which supported defendant's contention that a letter issued June 30, 2017 constituted a CSC, triggering the running of a six-month limitations period under the contract. The contract did not require a particular form of CSC, and the June 30, 2017 letter was sufficient in light of the documents demonstrating that the preconditions for issuance of a CSC were met.
Contrary to plaintiff's argument that the court, on the motion to dismiss, should have accepted the allegations of the complaint and plaintiff's expert opinion as true, contract interpretation presents a question of law for the court (Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]), and defendant demonstrated as a matter of law that the contractual limitations period had expired before the action was commenced (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, 115 AD3d 128, 134-135 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021